UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NAN TERRIE,

                    Plaintiff,                    14-CV-2070 (LAP)

  -against-                                  ORDER OF DISMISSAL

CITY OF NEW YORK; IDA BRANDO, COURT
POLICE OFFICER,

                    Defendants.

------------------------------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

      Plaintiff, appearing *pro se*, brings this action seeking to remove a lawsuit that she filed in the New York State Court of Claims.  By order dated April 1, 2014, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").  Because the removal is improper, the Court dismisses this action.

## DISCUSSION

      On March 7, 2013, Plaintiff filed an action in the New York State Court of Claims, alleging that on January 17, 2013, Court Police Officer Ida Brando violated her rights in the lobby of the Housing Court.  On March 17, 2014, Plaintiff filed this complaint, in which she seeks to remove the state court case to this Court because of purported evidentiary issues in a trial that began that same day.  Because Plaintiff brings this matter clearly stating her intention to remove the state court action to federal court, the Court liberally construes the complaint as a notice of removal under 28 U.S.C. §§ 1441 and 1446.  Plaintiff's removal is defective and the action must be dismissed.[1]

---

[1]  28 U.S.C. § 1446(d) provides that "[p]romptly after the filing of a notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court" to effect the removal. Plaintiff filed this action as a complaint rather than a notice of removal, and provides no information suggesting that she gave such notice to either defendants or the New York State Court of Claims.  Because Plaintiff did not follow the proper procedure to effect the removal of a state court case to federal court, the Court does not remand this matter to the Court of Claims. If, however, Plaintiff gave notice to the adverse parties or the Court of Claims, they should

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants*, to the district court of the United States for the district and division embracing the place where such an action is pending" (emphasis added).  In addition, 28 U.S.C. § 1446(a) provides that "[a] *defendant* or *defendants* desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal. . . ." (emphasis added).

The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed."  *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002).  It is clear from the plain language of the removal statutes that only a defendant can remove an action from state to federal court.  *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (removal statutes does not provide for removal by a plaintiff).  Because Plaintiff is not authorized to remove her own case to federal court, this action is dismissed.[2]

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.  Plaintiff's complaint, filed *in forma pauperis*

---

consider this matter remanded.

[2]   Under New York law, "the Court of Claims has jurisdiction over tort claims brought against the State and over damage claims brought against state employees in their official capacities, but not over claims brought against state officials in their individual capacities." *Pack v. Artuz*, 348 F. Supp. 2d 63, 69 (S.D.N.Y. 2004) (internal citations omitted); *see also* N.Y. Ct. Cl. Act § 9(2); *Barrington v. N.Y.*, 806 F. Supp. 2d 730, 739 (S.D.N.Y. 2011).  Thus, when a suit is filed in a forum where state employees may only be sued in their official capacities, it does not bar the filing of a new action against those employees in their individual capacities.  *See Barrington*, 806 F. Supp. 2d at 739; *Pack*, 348 F. Supp. 2d at 69-70.

To the extent that the Court of Claims may lack jurisdiction to consider Plaintiff's constitutional claims against any defendant in his or her individual capacity, those claims may not be barred by claim preclusion *or res judicata*.  *See Barrington*, 806 F. Supp. 2d at 739-40.  Because Plaintiff brings this action with the clear intention of removing the state court case and relies on documents from that case to support her claims, the Court declines to construe this action as being brought against any defendant solely in his or her individual capacity.  Further, the Court does not offer an opinion on the viability of any new action that Plaintiff may file asserting claims against any defendant in his or her individual capacity.

under 28 U.S.C. § 1915(a)(1), is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*Loretta A. Preska*
LORETTA A. PRESKA
Chief United States District Judge

Dated: April 23, 2014
 New York, New York